IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRI E. NEWKIRK IRA, Derivatively on Behalf of Southwest Airlines Co., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| GARY C. KELLY, DAVID W. BIEGLER, J. VERONICA BIGGINS, DOUGLAS H. BROOKS, WILLIAM H. CUNNINGHAM, JOHN G. DENISON, THOMAS W. GILLIGAN, DAVID P. HESS, ROBERT E. JORDAN, NANCY B. LOEFFLER, JOHN T. MONTFORD, CHRIS P. REYNOLDS, RON RICKS, ANDREW WATTERSON, RYAN GREEN, TAMMY ROMO, LINDA RUTHERFORD and MARK R. SHAW, | § § § § § § § § § § § § § § | Civil Action No. 3:23-cv-01339-E |
| Defendants, and | § § § | |
| SOUTHWEST AIRLINES CO., | § § | |
| Nominal Defendant. | § § | |

**SOUTHWEST AIRLINES CO.'S THIRD MOTION
TO EXTEND STAY BY 60 DAYS**

Southwest Airlines Co. ("Southwest") moves pursuant to Section 21.555 of the Texas Business Organizations Code to extend the stay of this matter for an additional 60 days following expiration of the 60-day stay sought in Southwest's prior stay extension motion. (*See* ECF #9.) If this request to extend the stay is granted, the case would remain stayed until June 25, 2024.

This is a shareholder derivative case asserting claims on Southwest's behalf against certain Southwest officers and directors pertaining to the December 2022 travel disruptions and other issues. Under Section 21.555(a) of the Texas Business Organizations Code, "[i]f the corporation that is the subject of a derivative proceeding commences an inquiry into the allegations made in a

1

demand or petition and the person or group of persons described by Section 21.554 is conducting an active review of the allegations in good faith, the court shall stay a derivative proceeding for not more than 60 days until the review is completed and a determination is made by the person or group regarding what further action, if any, should be taken." TEX. BUS. ORG. CODE § 21.555(a). "To obtain a stay, the corporation must provide the court with a written statement agreeing to advise the court and the shareholder making the demand of the determination promptly on the completion of the review of the matter." TEX. BUS. ORG. CODE § 21.555(b). Under TEX. BUS. ORG. CODE § 21.555(c), "[a] stay, on motion, may be reviewed every 60 days for continuation of the stay if the corporation provides the court and the shareholder with a written statement of the status of the review and the reasons why an extension for a period not to exceed 60 additional days is appropriate. An extension shall be granted for a period not to exceed 60 days if the court determines that the continuation is appropriate in the interests of the corporation."

Southwest provided its initial written statement to the Court about the Special Litigation Committee ("SLC") inquiry on October 24, 2023, filed its initial motion to extend the stay on December 19, 2023, and filed its second motion to extend the stay on February 26, 2024. (*See* ECF #5, #8.) The members of the SLC include Elaine Mendoza, Christopher P. Reynolds, and Jill A. Soltau. The committee has retained the law firms of Gibson, Dunn & Crutcher LLP and King & Spalding LLP – including partners David Woodcock, Veronica S. Moyé, Jessica Valenzuela, and Nicola T. Hanna – to serve as legal counsel in connection with the inquiry.

Southwest seeks the additional 60-day extension because the SLC needs additional time to complete its review. We have been advised that the SLC and its counsel have reviewed hundreds of thousands of pages of documents, have interviewed more than 35 witnesses, and are analyzing the facts learned during their inquiry. The SLC's counsel further advised that they currently

estimate that the SLC will conclude its inquiry and make the determination required by TEX. BUS. ORG. CODE § 21.554 by late June or early July of 2024, though this is an estimate and the actual completion date could be later. Due to the number and nature of the issues raised by the allegations made in this suit and the number of witnesses and documents, Southwest believes that an additional 60-day stay is necessary for the SLC to continue with its inquiry.

As previously noted, the plaintiffs in the parallel consolidated state court derivative suit arising from these matters have stipulated, and the state court has ordered, that the state court derivative action "shall be stayed and administratively closed pending the completion of" the same SLC inquiry that forms the basis for Southwest's stay request. (*See* Ex. 1, January 9, 2024 Order ¶ 12.) The stay in this case should likewise be extended so that the SLC can complete its work.

Southwest's stay request is consistent in duration with other stays routinely granted for similar director-led inquiries in derivative litigation. Courts have frequently granted stays of six months or well more for SLCs to complete investigations of shareholder derivative claims, recognizing that it would not serve the company's interests for a derivative plaintiff to impose unnecessary litigation burdens on companies during an SLC inquiry. *See, e.g., In re Baker Hughes Deriv. Litig.*, 2023 WL 2967780, at *1 (Del. Ch. Apr. 17, 2023) (granting motion to terminate derivative litigation following nine-month SLC inquiry); *Diep v. Trimaran Pollo Partners, L.L.C.*, 280 A.3d 133, 144-45 (Del. 2022) (describing SLC investigation lasting between "December 2017 and February 2019"); *Hockstein v. Collins*, 2015 WL 5737073, at *5-6 (D. Minn. Sept. 30, 2015) (granting dismissal following "eighteen-month investigation" by SLC); *Long v. Odland*, 2012 WL 13019034, at *3 (S.D. Fla. Aug. 15, 2012) (granting six-month stay); *Silverstein v. Larson*, 2005 WL 435241, at *3 (D. Minn. Feb. 25, 2005) ("A review of cases reveals that courts generally allow SLCs between six and ten months to investigate and report on pending derivative actions").

Counsel for Southwest has conferred with counsel for Plaintiffs, who advised yesterday that "Plaintiffs will consent to an additional 60-day stay of the derivative litigation so long as it is agreed that this is the last 60-day stay Southwest will request and that the document site will remain open throughout the additional 60-day stay." Counsel for Southwest responded yesterday afternoon that Southwest "cannot prospectively 'agree' that this is the last 60-day stay (or stay of some shorter length) to be requested by Southwest" because "while we have received an estimate, Southwest does not know for certain how long the SLC will actually need to complete its investigation. But we understand your position that Plaintiffs' current position is not to agree to any further 60-day extensions. Accordingly, we plan to file the motion as unopposed for 60 days, but will note that Plaintiffs' counsel have informed us they do not plan to agree to further such requests, if any." Plaintiffs' counsel did not respond to this message.

## **CONCLUSION AND PRAYER FOR RELIEF**

Southwest thus requests entry of an additional 60-day stay as provided under TEX. BUS. ORG. CODE § 21.555(c), a corresponding extension of Defendants' obligations to answer, move, or otherwise respond to the Complaint, and all further relief to which it is entitled. Southwest reserves all other rights it has under the Texas Business Organizations Code and applicable law, including but not limited to the right to seek additional stays as warranted by law.

Dated: April 26, 2024                    Respectfully submitted,

                                         NORTON ROSE FULBRIGHT US LLP


                                         /s/ *Peter A. Stokes*
                                         Michael A. Swartzendruber (Lead Counsel)
                                         State Bar No. 19557702
                                         2200 Ross Ave., Suite 3600
                                         Dallas, Texas 75201
                                         Telephone: (214) 855-8000
                                         Facsimile: (214) 855-8200
                                         michael.swartzendruber@nortonrosefulbright.com

                                         Peter A. Stokes
                                         State Bar No. 24028017
                                         98 San Jacinto Boulevard, Suite 1100
                                         Austin, Texas 78701-4255
                                         Telephone: (512) 474-5201
                                         Facsimile: (512) 536-4598
                                         peter.stokes@nortonrosefulbright.com

                                         *Counsel for Southwest Airlines Co.*


## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Plaintiff regarding this motion through messages on April 23 and 25, 2024. Counsel for Plaintiffs advised on April 25, 2024 that "Plaintiffs will consent to an additional 60-day stay of the derivative litigation so long as it is agreed that this is the last 60-day stay Southwest will request and that the document site will remain open throughout the additional 60-day stay." Counsel for Southwest responded during the afternoon of April 25, 2024 that Southwest "cannot prospectively 'agree' that this is the last 60-day stay (or stay of some shorter length) to be requested by Southwest" because "while we have received an estimate, Southwest does not know for certain how long the SLC will actually need to complete its investigation. But we understand your position that Plaintiffs' current position is not to agree to any further 60-day extensions. Accordingly, we plan to file the motion as unopposed for 60 days, but will note that Plaintiffs' counsel have informed us they do not plan to agree to further such requests, if any." Plaintiffs' counsel has not responded to this statement.

                                              /s/ *Peter A. Stokes*
                                              Peter A. Stokes

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on April 26, 2024, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*
Peter A. Stokes